**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**EMMA BABBETTE SYKES**                                                          **PLAINTIFF**

**VS.**                                   **4:06CV00352-WRW**

**UNIVERSITY OF ARKANSAS**
**FOR MEDICAL SCIENCES**                                                         **DEFENDANT**

<u>**ORDER**</u>

Pending is Defendant's Motion for Summary Judgment.[1]  Plaintiff has responded,[2] and Defendant replied.[3]

Plaintiff alleges race discrimination in violation of Title VII of the 1964 Civil Rights Act.[4]  Defendant contends that it is entitled to summary judgment because: (1) it is an institution of higher education, organized under the laws of the State of Arkansas and cannot be sued; (2) Plaintiff has not presented sufficient evidence to establish a *prima facie* case of race discrimination.

**I.  Background**

---

[1]Doc. No. 27.

[2]Doc. No. 29.

[3]Doc. No. 32.

[4]42 U.S.C. §§ 2000e-2000e17.

Plaintiff is an African American who has worked thirteen years for Defendant.  Her job title is Administrative Assistant II, and she is classified as a grade 17.[5]  At the time of the alleged discrimination, her immediate supervisor was Billie Milligan ("Milligan") and the department Director was Janet Lynn ("Lynn").[6]

In 2004, Plaintiff began sharing on-call duties with Milligan and Lynn.  She was paid for the extra on-call hours, and supervised the operators in the department.  Plaintiff's oversight duties included interviewing applicants, scheduling work weeks, and keeping phone numbers updated.[7]  Plaintiff did not discipline, and made no hiring or firing decisions.[8]

Plaintiff alleges that Milligan and Lynn eliminated her supervisor position and on-call pay in May 2005.  She also alleges that a Caucasian employee -- Donna Abbott ("Abbott") -- replaced her.[9]

In support of her allegations, Plaintiff offers a memorandum that describes her as "supervisor of the operators";[10] plus statements from co-workers confirming that she sought and was awarded such a position.[11]

---

[5]Doc. No. 29, Ex. A.

[6]*Id*. at Exs. B, C.

[7]*Id.* Plaintiff's Deposition, p. 16.

[8]*Id.* at 17.

[9]*Id.* at 32-33.

[10]Doc. No. 31, Ex. 1.

[11]*Id*. at Exs. 2-6.

In response, Defendant offers evidence that:  (1) Plaintiff never received a formal promotion but was merely allowed to assume "lead operator" duties;[12] (2) her wages, job title, and classification remained the same during the relevant time frame;[13] (3) she remains the highest paid operator in her department, and her salary and benefits never decreased;[14] (4) even though she lost on-call overtime wages, she does not want such duties, and she has the opportunity to work overtime;[15] (5) she cannot show that she was replaced by a similarly situated Caucasian, because her testimony regarding Abbott's promotion to supervisor is based on speculation, and she had a higher job classification than Jernigan.[16]

## II.  Summary Judgment Standard

Summary judgment is only appropriate if the information found in pleadings, depositions, interrogatory answers, admissions, and affidavits, show that there is no genuine issue of any material fact left for final resolution.[17]  Factual disputes that are irrelevant or unnecessary are not considered material facts.[18]

---

[12]Doc. No. 29, Exs. A, C.

[13]*Id.* at Ex. A.

[14]*Id.* at Exs. A, B, F (comparison of pay rates reflected in exhibits A and F show that Plaintiff earned more than Jernigan in 2004 and 2005); Plaintiff's Deposition, p. 15 (Plaintiff agrees that she was making more than other operators).

[15]*Id.* Plaintiff's Deposition, p. 32.

[16]*Id.* at 33; Exs. A, F.

[17]Fed. R. Civ. P. 56.

[18]*Longen v. Waterous Co.*, 347 F.3d 685 (8th Cir. 2003).

The burden of showing that there is a genuine issue of material fact for trial is on the party opposing summary judgment.[19]  To determine if Plaintiff can defeat the motion, the Court must consider the record as a whole, viewing the facts and inferences in the light most favorable to Plaintiff.[20]  A motion should be denied if, in reviewing the evidence in this light, reasonable people can differ as to the conclusions to be drawn from it.[21]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the judgment beyond controversy.[22]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[23]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*, "[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[24]

---

[19] *First Nat. Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 270 (1968).

[20] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[21] *Cargill v. Liberty Mutual Ins. Co.*, 488  F. Supp. 49 (D.C. Minn. 1979); *Greenwood v. Dittimer*, 596 F. Supp. 235 (D.C. Ark. 1984).

[22] *Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[23] *Id.* at 728.

[24] *Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

Only disputes over facts that may affect the outcome of the suit under governing law, i.e. "material facts" will properly preclude the entry of summary judgment.[25]

## II.  Authority

### A.  Sovereign Immunity

Title VII claims against a state and its agencies are not barred by the Eleventh Amendment, because it abrogates state agency immunity in accordance with Section 5 of the Fourteenth Amendment.[26]

### B.  Prima Facie Case

To establish a *prima facie* case of race discrimination, Plaintiff must show that (1) she is a member of a protected group; (2) she was meeting the legitimate expectations of her employer; (3) she suffered an adverse employment action; and (4) similarly situated employees who are not members of the protected group were treated differently.[27]

An adverse employment action is a tangible change in working conditions that produces a material employment disadvantage.[28]  An employment disadvantage for Title VII purposes must be more disruptive than a mere inconvenience or alteration of job responsibilities; there must be a material change in employment status, a reduction in title, salary, or benefits.[29]

---

[25]*Anderson*, 477 U.S. at 248.

[26]*Okruhlik v.University of Arkansas*,  255 F.3d 615 (8th Cir. 2001); *Maitland v. University of Minnesota*, 260 F.3d 959 (8th Cir. 2001).

[27]*Gilmore v. AT & T*, 319 F.3d 1042, 1046 (8th Cir. 2003).

[28]*Cossette v. Minn. Power & Light*, 188 F.3d 964, 972 (8th Cir. 1999).

[29]*Box v. Principi*, 442 F.3d 692, 696 (8th Cir. 2006).

In other words,  minor changes made in duties or work conditions are not adverse actions.  For instance, a job reassignment involving no corresponding reduction in salary, benefits, or prestige does not establish an adverse employment action.[30]  Moreover, the employee's subjective view of the employer's action is irrelevant; the action must be measured from the standpoint of a reasonable person in the same circumstances.[31]

In the majority of cases, an employee alleging a loss of prestige on account of a change in work assignments, without any tangible harm, will fall outside the protection of Title VII.[32] The Eighth Circuit Court of Appeals held that a jury instruction properly cautioned the jury that an adverse employment action does not include an alteration of job responsibilities or loss of status and prestige when salary and position remain the same.[33]

## III.  Discussion

Based on the cases cited above, Defendant's assertion that it is immune from Title VII actions is incorrect.  Even though Defendant is not immune from this lawsuit, Plaintiff did not present enough evidence supporting a *prima facie* case for race discrimination.  Specifically, there is insufficient evidence that Plaintiff's reassignment was a tangible adverse action; or that she was replaced by a similarly situated Caucasian.

It is undisputed that Plaintiff's supervisory duties did not include pay-raises or higher benefits, and her pay rate remained the same after these duties were eliminated.  Plaintiff makes

---

[30]*Harlston v. McDonnell Douglas Corp.*, 37 F.3d 379, 382 (8th Cir. 1994).

[31]*Davis v. Town of Lake Park, Fla.*, 245 F.3d 1232, 1239 (10th Cir. 2001).

[32]*Id.* at 1245.

[33]*MacGregor v. Mallinckrodt, Inc.*, 373 F.3d 923, 930 (8th Cir. 2004).

no claim for economic loss, and is not asking for reinstatement.[34]  Plaintiff testified that she did

not want to resume her supervisor duties or return to being on-call.[35]  Thus, from Plaintiff's own

view point, the lost job assignment was not significant or advantageous enough to regain.  If

Plaintiff does not subjectively believe the job assignment was important, then it is difficult to

find that its loss was objectively adverse.

Plaintiff alleges emotional distress caused by loss of status and unfair treatment.  This is

the kind of claim the Eleventh Circuit Court of Appeals rejected in *Davis v. Town of Lake Park,*

*Fla.*,[36] because "this claim of harm is made only at the highest order of abstraction."[37]

Moreover, the Eighth Circuit has specifically held that a loss of prestige is not an adverse

action if there is no change in the salary or position.[38]  Plaintiff did not present any evidence that

the supervisory job assignment affected her permanent job title of Administrative Assistant II,

her grade 17 classification, or her basic wage rate.   In fine, Plaintiff failed to present enough

evidence to create a reasonable inference that she suffered an adverse employment action when

she lost the supervisor assignment.

Finally, Plaintiff merely assumes that Abbott took over her supervisor job assignment,

and personnel records reveal that she earned more than Jernigan.  Thus, Plaintiff has not offered

---

[34]Doc. No. 29, Plaintiff's Deposition, p. 41.

[35]*Id.*

[36]245 F.3d 1232.

[37]*Id.* at 1244.

[38]*MacGregor*, 373 F.3d at 930.

sufficient evidence from which a reasonable jury could find that Abbott and Jernigan were treated more favorably.

## IV.  Conclusion

Based on the above, Defendant's Motion for Summary Judgment (Doc. No. 27) is GRANTED, and this case is DISMISSED.

IT IS SO ORDERED this 5th day of July, 2007.


/s/Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE